[L. A. No. 4779.   Department Two.—May 1, 1919.]

## CAROLINE SAX, Respondent, v. WM. E. CLARK et al., Appellants.

[1] LIS PENDENS—NAMES OF PARTIES TO ACTION.—Under section 409 of the Code of Civil Procedure, the names of the parties to an action are essential to a proper *lis pendens.*

[2] ID.—FORECLOSURE OF MECHANICS' LIENS—CONSTRUCTIVE NOTICE.— A *lis pendens* is not required in a suit for the foreclosure of mechanics' liens filed within ninety days, and a purchaser of the land during the pendency of such a suit must be held to have had constructive notice of the pendency of the action.

[3] MECHANICS' LIENS — LIEN OF MATERIALMEN — SUPERIORITY TO SUBSEQUENT DEED OF TRUST.—In view of section 1186 of the Code of Civil Procedure, where the construction of a building for which lien claimants furnished materials was begun September 15, 1912, and the claimants entered into their contract for furnishing such materials on October 1, 1912, and furnished materials between that date and January 15, 1913, the liens of the claimants attached about September 15, 1912, and were superior to a trust deed dated October 21, 1912.

[4] SUMMONS—APPEARANCE—WAIVER OF DEFECTS.—A defendant in an action cannot claim that he was never properly served with summons and that the court never acquired jurisdiction of him where he appeared and demurred to the complaint.

[5] ID.—NAMES OF PARTIES — STATEMENT IN TITLE OF SUMMONS.—A summons is not subject to attack for failure to include the names of all the defendants in the action in the title of the summons, where all of such names are given in the body of the summons.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Reversed.

The facts are stated in the opinion of the court.

R. L. Horton  for Appellants.

James Brunken and S. M. Johnstone  for Respondent.

MELVIN, J.—Plaintiff successfully sued to quiet her title to lot fifty-seven (57) of the Cumberland Tract, as per map thereof recorded in book 19, page 29, of Miscellaneous Records in the office of the county recorder of Los Angeles County, state of California. Defendants have appealed from the judgment.

The source of title is common. It was stipulated that prior to October 21, 1912, Alice G. Handy and Harry Handy were owners of the property. On that day they delivered to the Title Insurance and Trust Company a trust deed to secure a note for seven hundred dollars in favor of Marie L. Barrett. This was recorded. On June 24, 1913, the Title Insurance and Trust Company, in accordance with the terms of the trust deed, conveyed the property to Marie L. Barrett, who on the following day quitclaimed to Anna M. Colkins, and on July 26, 1913, Anna M. Colkins, by grant deed, conveyed the property to plaintiff herein.

The title which appellants assert is based upon the following facts: On March 26, 1913, a mechanic's lien was recorded against the property in question and Alice Handy and F. C. Handy, and in favor of B. W. and W. E. Clark, doing business as Clark Brothers. On April 9, 1913, there was recorded a mechanic's lien in favor of Antonio Silva against A. Handy, covering the premises in question. On June 20, 1913, an action was commenced and a *lis pendens* was recorded wherein B. W. Clark et al. were plaintiffs, and Alice G. Handy et al. were defendants. In said action the Handys, Barrett, Moyer and Title Insurance and Trust Company were made parties and served with process. The Title Insurance and Trust Company, holding the legal title as trustee, filed a demurrer to the complaint. Thereafter, judgment was rendered against all the defendants named in said action and in favor of the plaintiffs therein for an amount greater than

six hundred dollars and for foreclosure of the mechanics' liens. On May 18, 1914, the sheriff of Los Angeles County sold the premises upon execution issued in said suit to Clark Brothers Lumber Company, a corporation, delivering a certificate of sale which was recorded July 15, 1914. On March 10, 1915, Clark Brothers Lumber Company conveyed the property to defendant Hammond Lumber Company, and thereafter the sheriff of Los Angeles County made and delivered his sheriff's deed to the premises to said Hammond Lumber Company. This chain of title was asserted by Hammond Lumber Company by way of cross-complaint in the action at bar.

It is the contention of respondent that the suit for the foreclosure of the liens had no binding force against her or her title because she had neither actual nor constructive notice of the pendency of that action. In this behalf she calls attention to her uncontradicted testimony that she knew nothing of the said suit and to the infirmity of the *lis pendens* which was entitled, "B. W. Clark, et al., Plaintiffs, *vs.* Alice G. Handy et al., Defendants," after which was the usual statement that 'an action was pending upon the complaint "of the above-named plaintiffs" against the "above-named defendants." Our attention is called to the fact that while the notice describes the land and gives the amount of the lien claims and costs it contains no further identification of the parties to the action. [1] It is doubtless true that the names of such parties are essential to a proper *lis pendens* (Code Civ. Proc., sec. 409), [2] but this fact can give no comfort to respondent because a *lis pendens* is not required in a suit for the foreclosure of liens filed within ninety days. (Code Civ. Proc., sec. 1190; *Tulloh* v. *Boyce,* 37 Cal. App. 761, [174 Pac. 680, 177 Pac. 847].) We must hold, therefore, that plaintiff had constructive notice of the pendency of the action.

Respondent insists, however, that upon the authority of *Metropolis Trust & Sav. Bank* v. *Barnet,* 165 Cal. 449, [132 Pac. 833], her title must be held senior to that depending upon the mechanics' liens and that the suit and the resulting judgment can have no binding force against her deed from the trustee. There is language in the opinion in that case which, if removed from the context, would seem to support this contention, but the facts of the two cases are not at all similar. That was a suit to restrain the sheriff from selling

property under a judgment in an action to foreclose mechanics' liens. The plaintiff and respondent therein had been a defendant in the lien suit and the judgment decreeing the sums claimed as liens upon the real property involved found them *subject and subordinate,* however, to the lien of the respondent under its deed of trust. It was, therefore, properly held that respondent's title acquired, during the pendency of the action, from the trustee, by sale according to the terms of the trust deed need not be set up by supplemental answer in the lien suit.

[3] In the case before us the facts are entirely different. In the foreclosure complaint it is alleged that the Title Insurance and Trust Company was grantee in the trust deed dated October 21, 1912, recorded by the county recorder of Los Angeles County; that the construction of the building for which the lien claimants furnished material was begun on or about September 15, 1912; that Clark Brothers entered into their contract for furnishing materials for that building on October 1, 1912, and furnished such materials between said date and January 15, 1913. It followed therefrom that the liens of the claimants attached about September 15, 1912; that the trust deed was subsequent to and subject to such liens (Code Civ. Proc., sec. 1186). There was also the usual allegation that the claims of the defendants, including the Title Insurance and Trust Company "are subsequent to and subject to plaintiffs' claims of lien sued upon herein." The lien claimants prayed for judgment foreclosing their liens and decreeing "that the liens of the plaintiffs be declared prior to those of the defendants and each of them," and that the Title Insurance and Trust Company be restrained from selling the premises pending the litigation. The Title Insurance and Trust Company, trustee by virtue of the deed of trust, filed a demurrer to the complaint. Thereafter, a judgment by default was given against all the defendants, in which, among other things, it was adjudged that the liens of plaintiffs were superior to any claim of the defendants, including the trustee. That this judgment is, under the circumstances, binding upon the plaintiff herein we are convinced.

[4] Respondent has made the further assertion that the defendants in the suit upon the claims of lien were never properly served with summons and that the court never acquired jurisdiction of them or of the subject matter of the

action. This point, if good, would be of no value to plaintiff herein for the reason that the holder of the legal title to the property, the trustee, who was one of her predecessors in interest, did appear in the action and demur to the complaint, thus waiving all possible infirmity in the summons or the service thereof. (*In re Clarke*, 125 Cal. 388, [58 Pac. 22]; *Security Loan & Trust Co.* v. *Boston & South Riverside Fruit Co.*, 126 Cal. 418, [58 Pac. 941, 59 Pac. 296].) [5] The summons in that action was entitled "B. W. Clark *et al.*, Plaintiffs, *vs.* Alice B. Handy *et al.*, Defendants," and the respondent insists that it was a nullity as against all of the defendants except, possibly, Alice G. Handy, basing her contention upon the authority of *Lyman* v. *Millon*, 44 Cal. 630. There is no force in the attack on the summons, and the cited case is not apposite because in the body of the criticised summons the names of all of the defendants were given. There is no provision in the statute that such names must appear in the *title*. (Code Civ. Proc., sec. 407.) Therefore, conceding that the plaintiff in this action may attack the summons in the suit on the lien claims, we are constrained to hold that there was a substantial compliance with the law in the form of the summons served upon the defendants in that litigation.

For the reasons above given the judgment is reversed.

Wilbur, J., and Lennon, J., concurred.