[Civ. No. 4737. Third Appellate District.—December 20, 1932.]

EDWIN L. MILLER, etc., et al., Respondents, v. CITIZENS TRUST AND SAVINGS BANK (a Corporation) et al., Appellants.

Lorrin Andrews for Appellants.

Root, Bettin & Painter for Respondents.

KING, J., *pro tem.*—This action is to quiet title.

J. W. Roman and Quida Roman, his wife, on May 21, 1925, executed a deed of trust to a bank later merged into defendant Citizens Trust and Savings Bank, as trustee for Charles Stone, beneficiary. June 26, 1925, Stone assigned to defendant Brian K. Welch. Defendant John D. Beyer as trustee in bankruptcy for Beverly Ridge Company, a copartnership, received a grant deed from J. W. Roman and wife dated January 29, 1927. The deed of trust from Roman and wife was recorded June 29, 1925.

One E. P. Erwen brought an action to foreclose a claim of lien against the property involved, and after default by the above-named Citizens Bank, J. W. Roman and his wife and Charles Stone, a judgment was entered in the action foreclosing his claim of lien against all of these named defendants. The property was sold by the sheriff under a

writ of enforcement in this last-mentioned action and said E. P. Erwen, plaintiff therein, became the purchaser. Thereafter, on May 3, 1926, the certificate of this sheriff's sale was recorded. On April 19, 1927, plaintiffs redeemed the property from said sale, and thereafter, no redemption having been made by any defendant, the sheriff executed to plaintiffs a deed for the property.

Judgment in the instant case was for plaintiffs, and defendants appealed.

Appellants urge three grounds for a reversal:

1. That the trust deed was executed prior to the accrual of the mechanic's lien, and takes precedence over the mechanic's lien.

2. That section 1186 of the Code of Civil Procedure does not apply to trust deeds; and,

3. That the complaint in the case of *Erwen* v. *Roman et al.*, filed more than three months after the recording of the deed of trust, having failed to specifically set forth the nature of the claim of the defendants in said action, being the appellants herein, the judgment rendered therein was not binding upon the defaulting defendants.

It will be noticed that grounds 2 and 3 above rather overlap.

Appellants expressly admit in the opening brief (no reply brief having been filed) that the lien of Erwen took effect the moment he commenced to furnish labor and materials, on June 2, 1925, and that on that date Erwen did not know of the deed of trust executed May 21, 1925. They assert, however, that the deed of trust became effective as of its date—which is true as between the parties to it.

Appellants then argue that a deed of trust is "not a lien, mortgage or encumbrance, but the legal title itself", and; therefore, not subject to the provisions of section 1186 of the Code of Civil Procedure, which provides that a mechanic's lien is a prior claim to liens, mortgages or encumbrances which are not recorded until after labor and materials are furnished by the mechanics.

In the case of *Sax* v. *Clark*, 180 Cal. 287 [180 Pac. 821], the plaintiff-respondent held title under a trust deed given as security for a loan, bearing date October 21, 1912.

Appellant's title was based on a sheriff's deed given on foreclosure of mechanics' liens on claims recorded in March and in April of 1913. The construction of the building for which lien claimants furnished materials was begun September 15, 1912, and the materials were furnished from October 1, 1912, to January 15, 1913. The court held that the judgment adjudging the lien claims superior to the claim of the trustee was binding upon plaintiff Sax and reversed a judgment in her favor.

In the decision of *MacLeod* v. *Moran,* 153 Cal. 99 [94 Pac. 604, 605], Chief Justice Angellotti discusses the interest conveyed to a trustee by a deed of trust given to secure a loan and says:

" . . . Such a deed, though in form of a grant, is really only a mortgage and does not convey the fee. A trust deed of the kind here involved differs from such a deed only in that it conveys the legal title to the trustees so far as may be necessary to the execution of the trust. It carries none of the incidents of ownership of the property other than the right to convey upon default on the part of the debtor in the payment of his debt. The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that, while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. (Citing cases.) The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successors a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 865 and 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Gotz,* 70 Cal. 236 [11 Pac. 656].) The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of ownership in regard to the property, subject always, of course, to the execution of the trust.''

These cases, and many others, justify a holding that the deed of trust constituted only a lien on the property; that it was subsequent and subject to the mechanic's lien claim of Erwen for work done and materials furnished which Erwen began to furnish before the recordation of the trust deed; and that the rights of holders of the trust deed were duly foreclosed in the action on the Erwen lien.

Defendant Beyer's title, based on a grant deed after the foreclosure of the mechanic's lien, was also foreclosed in that action.

The judgment should be, and is, affirmed.

Plummer, J., and Pullen, P. J., concurred.