THE FEDERAL LAND BANK OF BALTIMORE, Petitioner, v. DISTRICT COURT OF ARECIBO, Respondent.

No. 903.   Argued May 1, 1933.—Decided May 22, 1933.

114

*José R. Aponte* for petitioner.  *E. Martínez Avilés* for defendants in the main action.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Juan Gutiérrez and Rosalía Pagán mortgaged certain realty belonging to them in favor of The Federal Land Bank of Baltimore, to secure a loan contracted with said banking institution. It is alleged upon information and belief that both these debtors have died, and an ordinary action is brought against their lawful heirs, Monserrate, Longinos, Carmen, Rosa, Delia, and Jorge Gutiérrez Pagán, Ismael and Isabel Torres Gutiérrez, and Angel Antonio, Aida Iris, and Juan Ramón Rivera Gutiérrez, to enforce the obligation thus contracted. All these heirs, with the exception of the five first mentioned, are minors.

The summons, which had been served and returned by Juan Antonio Quiñones, was attacked in the name of the defendants by Attorney Martínez Avilés. Thereupon the lower court annulled said summons and ordered the issuance by the clerk of a new one. Without awaiting the execution of this order, a demurrer was filed setting forth that the defendant heirs appeared by their attorney and alleged that the complaint did not state facts sufficient to constitute a cause of action. Said demurrer having been overruled, the court granted a term of ten days for the defendants to answer, and upon their failure to do so, a default was entered and the case was set for trial. This trial was not held because the court *motu proprio* set aside the default and ratified its order for the issuance of a new summons.

The order of the court quashing the summons was based on the fact that a succession was designated as defendant in the citation, without giving the names of the persons who composed the same, that is, the names of all the defendants, it being stated only that said succession is composed of Monserrate, Longinos, Carmen, Rosa, Jorge *et al.*

The petitioner urges that the court erred in holding as a ground for nullity the omission of the names of all the defendants in the title of the summons. Section 89 of the Code of Civil Procedure provides that the summons must contain, among other requisites, the names of the parties to the action. This section does not require that such names must unavoidably be included in the title of the summons. In the instant case the given names and surnames of the persons designated as members of the defendant succession are clearly stated in the body of the summons. This is all the information that the law requires to be stated, and the place where said names appear is of no importance as long as they are expressly and clearly included in the body of the summons.

Section 89 of our Code of Civil Procedure is equivalent to section 407 of the California Code of Civil Procedure. In *Sax* v. *Clark*, (1919) 180 Cal. 287, the Supreme Court of that

State, in passing upon a question similar to that which has been raised by the petitioner herein, said:

"The summons in that action was entitled 'B. W. Clark et al., Plaintiffs, vs. Alice B. Handy et al., Defendants,' and the respondent insists that it was a nullity as against all of the defendants except, possibly, Alice G. Handy, basing her contention upon the authority of *Lyman* v. *Milton*, 44 Cal. 630. There is no force in the attack on the summons, and the cited case is not apposite because in the body of the criticised summons the names of all of the defendants were given. There is no provision in the statute that such names must appear in the *title*. (Code Civ. Proc., sec. 407.)"

The California Court held in the above case that there was a substantial compliance with the law in the form of the summons served upon the defendants.

The respondent judge states in his return to the writ that he also took into consideration another very essential ground to declare void the service of summons made on the defendants, and to order the issuance of a new summons. In his opinion, such service was fatally defective. Indeed the person who served the process stated in his return that he "served the summons upon Ismael and Isabel Torres Gutiérrez, both of them minors, and represented in the act of such service by their father Francisco Torres Valentín, at eight o'clock in the morning of August 11, 1932, in Arecibo; and upon Aida Iris, Angel Antonio, and Juan Ramón Rivera Gutiérrez, minors, represented by their father Antonio Rivera Vélez, at 12:30 o'clock in the afternoon of August 11, 1932, in the ward of Tetuán, of Utuado, at the place known as Los Quemados...." It does not clearly appear from this return that the minors were personally summoned. It is said that they were served, being represented by their fathers in the act of the service. We think that in serving process, whereby the court acquires jurisdiction over the person of the defendants, the proof of service should be clear and explicit so that from a mere reading thereof it may be concluded that

the statutory provisions have been complied with. Section 93 of the Code of Civil Procedure provides that a minor must be personally served and also his legal representative. This Court, in the case of *Vías* v. *Estate of Pérez et al.,* 15 P.R.R. 714, held:

"Where the defendants in a suit are minors, notice of citation must be served upon the father or the representative of the minor, personal notice of defendant minors being necessary in any case, whether or not it appears that they are over 14 years of age. It is further necessary, in order that the court may acquire jurisdiction over such minors, that the return made by the marshal shall show that they have been personally served."

It is not clearly established by the return of process herein that the minors were personally served, and therefore the lower court acted correctly in annulling the summons in so far as it affected the said minors.

We have also observed another defect which appears from the complaint herein and from the summons itself. In said complaint it is stated that the minors Ismael and Isabel Torres, are legally represented by their father, and that the minors Angel Antonio, Aida Iris, and Juan Ramón Rivera, are also represented by their father; but as regards Jorge Gutiérrez it is only alleged that he is a minor, without any showing that he is legally represented. This minor appears to have been served jointly with the other members of the succession. Attorney Martínez Avilés appeared in representation of the said heirs. It is clearly evident that an attorney can not directly represent a minor who lacks legal capacity to appear by himself. Such is the case of the minor Jorge Gutiérrez, whom Attorney Martínez Avilés can not represent without a proper authorization from his legal representative, if any. The service of process made on this minor is null and void, as it does not appear that he has a legal representative and that such representative has been properly served with notice.

The petitioner claims that the voluntary appearance of the defendant heirs is equivalent to the personal service of summons and delivery of the copy of the complaint, and that the lower court should not have set aside the default legally entered, after the defendant heirs appeared by their attorney and failed to answer the complaint within the term provided by law.

This Court has held in *Rodríguez et al.* v. *Alonso et al.*, 37 P.R.R. 322, that the voluntary appearance of a guardian in the name of minors does not substitute the failure to summon the minors personally. In the cited case an action was brought against the heirs of Miguel Rodríguez Sierra and Angelina Soler, some of whom were minors. Payment of an obligation acknowledged in a deed was demanded from the heirs. The minors appeared represented by their guardian, admitted the facts stated in the complaint, and confessed the judgment in favor of the plaintiffs. This Court, in its opinion delivered by Mr. Justice Franco Soto, cited *Orcasitas* v. *Márquez et al.,* 19 P.R.R. 454, where it was held that in all cases in which a minor is sued personal service must be made on him, and concluded by saying that the lower court did not err in declaring that the voluntary appearance of the guardian in behalf of the minors was no substitute for personal service.

In *Orcasitas* v. *Márquez, supra,* citation was made of the opinion delivered by the Supreme Court of California in *Fanning* v. *Foley,* 99 Cal. 336, where it was held that the service of summons upon the guardian of a minor, without serving it also upon the minor personally, was insufficient; that a default entered against the guardian did not bind either the guardian or the minor; and that the judgment by default entered was void.

We think that the lower court acted properly in annulling the summons and in setting aside the default entered against the minors composing the defendant succession, but not so as

to the default noted against the defendants who have become of age.

The order of the lower court of April 7, 1933, in so far as it sets aside the default entered against the defendants of age, must be reversed, but as regards the defendant minors the order must be fully sustained.