[Civ. No. 10823. Second Appellate District, Division Two.—February 28, 1936.]

FRANK J. BOYE, Respondent, v. GUSTAVE A. BOERNER, Appellant.

Marshall Stimson and Noel Edwards for Appellant.

Kryne Van den Akker for Respondent.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff after a trial before a court without a jury.

The conceded facts are:

Defendant purchased from John C. Boye certain real property in consideration of which defendant executed a promissory note payable to Frank J. Boye and trust deed upon the property to secure the payment of the note, naming Frank J. Boye as beneficiary and the Title Insurance and Trust Company as trustee. John C. Boye was at all times the real party in interest.

Thereafter defendant sold the property subject to the trust deed to Peter Boebel and Anna K. Boebel, August 4, 1932, the Boebels being in default in payments due under the trust deed, John C. Boye caused them to execute and deliver a grant

deed covering the property to Bertha A. Eschman. He stated that additional property would be given her, for the purpose of providing for his children. John C. Boye thereupon went into possession of the property, signed his name to receipts for rent, and otherwise exercised rights of ownership over the property.

May 12, 1933, the trustee caused the premises to be sold to plaintiff for the sum of $3,000 pursuant to the power of sale contained in the trust deed. This action was instituted to recover a deficiency judgment against defendant.

■ The single question necessary for us to determine is: *Does a merger of title result when the beneficiary under a trust deed assumes the right of ownership and dominion over the property described in the trust deed and causes the trustor's vendee to deliver a grant deed of the property to another person?*

In order to effect a merger, the whole title, legal as well as equitable, must unite in one and the same person. (*Estate of Washburn*, 11 Cal. App. 735, 746 [106 Pac. 415].) In the instant case the legal title to the premises at all times subsequent to the execution of the trust deed and prior to the sale by the trustee was vested in Title Insurance and Trust Company, the trustee (*Anglo-California Trust Co.* v. *Oakland Rys.*, 193 Cal. 451, 464 [225 Pac. 452]; *Sax* v. *Clark*, 180 Cal. 287, 288 [180 Pac. 821]), and the equitable title was vested in the defendant trustor or his vendees, Peter C. and Anna K. Boebel or their grantee, Bertha A. Eschman. (*Bostwick* v. *McEvoy*, 62 Cal. 496, 501; *Bank of Italy etc. Assn.* v. *Bentley*, 217 Cal. 644, 645 [20 Pac. (2d) 940]; *Weber* v. *McCleverty*, 149 Cal. 316, 320 [86 Pac. 706].)

It thus appears that the legal and equitable title at no time vested in one and the same person. Hence there was not a merger of title.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 27, 1936.