[Civ. No. 14234.   Second Dist., Div. One.   Nov. 16, 1943.]

MORTGAGE GUARANTEE COMPANY (a Corporation) et al., Respondents, v. LAZO LEE et al., Appellants.

368

John J. McMahon and Frank W. Walden for Appellants.

Fleming & Robbins and C. S. Tinsman for Respondents.

YORK, P. J.—Respondents on February 17, 1939, instituted the instant action for specific performance to obtain possession of real property situate in the city of Los Angeles, improved with two hotel buildings, known as the Euston Hotel and the Rutland Hotel, pursuant to the terms of a trust deed executed by Junior Capital Company, Ltd., on February 6, 1937, in favor of respondent Mortgage Guarantee Company, as beneficiary, and in which Title Guarantee and Trust Company was named trustee, to secure the payment of a promissory note for the sum of $187,000, being the balance of the purchase price of said property.

Said deed of trust provided (paragraph B-6) that the indebtedness secured thereby might be further secured and the beneficiary or trustee might exhaust any of said securities without affecting the status of, or waiving the right to exhaust all or any other security; (paragraph B-10) that in event of default by trustor, the beneficiary should be entitled at its option by itself or by a receiver to be appointed by the court, without regard to the adequacy of any security for the indebtedness, to enter and take possession of the property, exclude the trustor, collect the rents and apply them to the indebtedness, said rents "being hereby assigned to the beneficiary as further security for the payment of all indebtedness secured" by said deed of trust; and (paragraph B-12) that

the bringing of any action for the enforcement of any right under the deed of trust, including the right to rents, should not be construed to be a waiver of any other right thereunder, and could be enforced independently or concurrently with other rights secured by said deed of trust.

Said instrument was recorded March 18, 1937, and on March 27, 1937, Mortgage Guarantee Company assigned the note and deed of trust to Title Insurance and Trust Company, as depositary and trustee under Trust No. 7298, Series 111. On or about February 20, 1938, appellants Lee purchased the property described therein, subject to the said deed of trust (but not assuming or agreeing to pay the same), entered into possession and collected the rents from the buildings.

Default occurred in payments due under the note and trust deed on January 1, 1939, and dates subsequent thereto, and between February 8 and 10, 1939, respondents served upon appellants Lee and the tenants of the buildings, written demand for possession and the rentals, which demand was refused by appellants Lee, who on February 14, 1939, served upon respondents a notice of rescission of the transaction by which they had acquired title to said property.

Respondents on February 17, 1939, as beneficiaries under said deed of trust, filed the instant action to obtain possession of the property and the rentals accruing therefrom; and moved for appointment of a receiver pending trial. At the hearing on the motion, by leave of the court, respondents filed an amendment to their complaint adding paragraph XVII thereto, alleging that the Mortgage Guarantee Company had sold the property in question to the Junior Capital Company, Ltd., for $200,000 payable $10,000 in cash, and $187,000 by a promissory note secured by the deed of trust referred to, and $3,000 by a promissory note secured by a second deed of trust; that the consideration for said notes and deeds of trust was adequate; that the value of the property was not less than the purchase price and that the promissory notes and trust deeds were just, fair and equitable; that concurrently with the execution thereof the property was conveyed to the Junior Capital Company, Ltd., which entered into possession and that defendant Lazo Lee claimed the right to possession as a grantee of Junior Capital Company with full knowledge of the rights of the Mortgage Guarantee Company under the deed of trust.

On March 13, 1939, a receiver was appointed who took possession and proceeded to collect the rentals accruing therefrom.

Appellants by their answer denied the execution of the note by Junior Capital Company was for a consideration; denied that the promise to pay the note was based on an adequate, just or reasonable consideration as to the appellants Lee; denied any sums were due thereunder on January 1, 1939, or subsequently thereto; admitted execution of the trust deed by Junior Capital Company but denied the consideration therefor was adequate, just or reasonable as to appellants Lee; admitted the trust deed was recorded but denied it contained the provision of paragraph B-10, assigning rents to the beneficiary and giving it right to possession upon default, and alleged that only the owner of the property could collect the rents; that the Title Guarantee and Trust Company, as trustee, was the legal owner; admitted the assignment of the note to the Title Insurance and Trust Company, and the interest of Mortgage Guarantee Company, but denied the ownership of respondents, denied their assumption of the obligation was on consideration adequate, just or equitable as to them; admitted default under the note and trust deed and that respondents had elected to take possession and collect the rents, but denied that they were the proper parties to enforce the provisions of the deed of trust; admitted that they (appellants) were in possession of the property and were operating the hotel buildings, but alleged that respondents had wrongfully served notice on their tenants and the tenants were afraid to pay rents to anyone; also denied that respondents were entitled to possession or to bring the action.

Respondents' motion to strike portions of the answer was granted, which stricken matter included appellants' notice of rescission dated February 14, 1939, and their second affirmative defense.

Appellants filed a cross-complaint and an amended cross-complaint, alleging that the notice to tenants not to pay rent to appellants was void, because the trustee under the deed of trust did not join therein nor in the motion to appoint a receiver, therefore the collection of rents by the latter was unlawful resulting in damage to appellants in the sum of $25,000.

Respondents' demurrer to appellants' amended cross-com-

plaint was sustained without leave to amend on May 15, 1939, whereupon appellants filed their notice of appeal from the order and sought to stay proceedings on the issues joined by the complaint and answer. However, the matter proceeded to trial on October 9, 1939. Meanwhile, on June 12, 1939, respondent Title Insurance and Trust Company, as depositary and trustee, purchased the property covered by the trust deed at the trustee's sale, and on June 22, 1939, possession was delivered to respondents by the receiver pursuant to order of the superior court. The account and report of receiver was continued to date of trial, to wit, October 9, 1939.

During the trial appellants filed an amendment to their answer, alleging that the promissory note bore the endorsement of a sale credit and deficiency claim against Junior Capital Company; that defendants Lee never assumed or agreed to pay any part of the indebtedness represented by the note and deed of trust, and that by reason of the sale, "all equitable liens merged in the legal title and that as a result of the giving and delivery of said trust deed by the trustee, all of the provisions and terms in said deed of trust became null and void and of no effect."

Appellants were not present at the trial, but it was stipulated by their counsel that the facts alleged in respondents' complaint were true, except the allegation that respondents were entitled to possession of the property and the rents. No defense was interposed by appellants except the contention that by reason of the trustee's sale, the lesser estate merged into the greater; that all subsidiary liens merged in the realty, and by reason of the sale taking place prior to the trial, a waiver by operation of law had become effective; that the rents collected by the receiver reverted to appellants as owner of the property up to the date of the sale, i.e., June 12, 1939.

Counsel for appellants moved for judgment on the pleadings which was by the trial court denied. Thereafter, the court made its findings of fact and conclusions of law to the effect that the allegations of the complaint were true, and those of the answer contrary thereto were untrue; that appellants acquired title to the property with knowledge of the terms and conditions of the trust deed; that they had defaulted thereunder; that the appointment of a receiver was proper; that by reason of the assignment contained in section B-10 thereof, respondents were entitled to the rents, and that

there remained unpaid on the original indebtedness the sum of $42,747.03.

Judgment was entered March 14, 1940, in favor of respondents for the balance of the rents in the hands of the receiver and for costs of suit. The court also approved and settled account of receiver and by order directed him to pay the sum of $2617 to respondent Mortgage Guarantee Company as rental for furniture owned by it and used by receiver in operating the property; $698.50 to receiver as his fee; $175 costs, and the net balance of the rentals to respondent Mortgage Guarantee Company.

This appeal is prosecuted from the judgment and from the order denying appellants' motion for a new trial, but no appeal was taken from the order settling receiver's final account which directed him to pay net rentals to respondents.

It is first contended that the trial court had no jurisdiction to make an order setting the cause for trial on October 9, 1939, because an appeal was pending from the order sustaining respondents' demurrer to appellants' amended cross-complaint without leave to amend.

As a matter of fact the order sustaining respondents' demurrer to appellants' cross-complaint was not an appealable order (*Scott* v. *Security Title Ins. & Guar. Co.*, 9 Cal.2d 606 [72 P.2d 143, 117 A.L.R. 1049]; *Evans* v. *Shanklin*, 16 Cal.App.2d 358 [60 P.2d 554]), and therefore the attempted appeal therefrom, which was dismissed by the Supreme Court on April 7, 1941, did not divest the trial court of jurisdiction to proceed with the trial on the merits pending such appeal.

In the case of *Hayes* v. *Pierce*, 15 Cal.2d 662, 667 [104 P.2d 499], the Supreme Court stated: "The court had power to determine as a matter of procedure whether it should try the issues raised by the complaint and answer, and leave the issues formed by the cross-complaint to be determined later, or to await the action of a reviewing court to determine whether or not the cross-complaint was well founded, before proceeding with the trial. (*Klement* v. *Superior Court*, 21 Cal.App.2d 456 [69 P.2d 869].) In deciding that the trial court should proceed, despite the pendency of appellant's appeal, the court exercised a wise discretion."

It is next urged that the sale of the property to Title Insurance and Trust Company under the power of sale contained in the trust deed and the delivery of a trustee's deed

to said corporation, annulled all provisions of the trust deed and terminated the right of respondent Mortgage Guarantee Company, the beneficiary under the trust deed, to the assigned rents which were collected by the receiver prior to the sale. Or, quoting from appellants' brief: "5. There can be no dispute, from the authorities, that the equitable lien (for rents) under said trust deed became void and extinguished and merged in the fee simple title of the trustee's deed after the sale held on June 12, 1939."

It is alleged in the complaint that on March 31, 1937, the Mortgage Guarantee Company, as beneficiary, assigned the note and trust deed to Title Insurance and Trust Company, as depositary and trustee, under a certain trust. By the terms of the assignment, Mortgage Guarantee Company reserved to itself the right to collect principal and interest of the said note, and also reserved to itself "the right to take over, manage and control the real property covered by the deed of trust in the event of default in the terms thereof; that said Title Insurance and Trust Company, as such depositary and trustee, and Mortgage Guarantee Company, ever since said date of transfer have been and now are the owners and holders of the note and deed of trust, as their respective interests appear under the terms of Trust No. 7298, Series 111."

In their amendment to the answer, appellants allege that "all equitable liens merged in the legal title and that as a result of the giving and delivery of said trust deed by the trustee, all of the provisions and terms in said deed of trust became null and void and of no effect."

On the question of merger, it was held in the case of *Jensen* v. *Burton,* 117 Cal.App. 66, 70 [3 P.2d 324], that where plaintiff became the owner of the fee to the land and at that time was also the owner of an encumbrance covering the property, with no intervening interest or lien, and there was evidence that the value of the land was in excess of the amount of plaintiff's and the prior encumbrance (both mortgages), a prima facie case of merger was presented.

In *Sheldon* v. *La Brea Materials Co.,* 216 Cal. 686, 689 [15 P.2d 1098], it was stated: "When a greater and lesser estate coincide and meet in one and the same person, in the same right without any intermediate estate, the latter is in law merged in the greater. (10 Cal.Jur. 606.)

"The whole title, legal as well as equitable, must unite

in one and the same person. Where the two thus meet, without any intermediate estate, the lesser is immediately annihilated, or, in law phrase, 'merged'. (*Estate of Washburn,* 11 Cal.App. 735, 746 [106 P. 415].)

"Under ordinary circumstances where the holder of a mortgage acquires the estate of the mortgagor, the mortgage interest is merged in the fee and the mortgage is extinguished. This is the ordinary legal effect of the transaction, and ordinarily the intention is presumed to accord with the act accomplished. (*Anglo-Californian Bank* v. *Field,* 146 Cal. 644, 653 [80 P. 1080].)"

In *Boye* v. *Boerner,* 12 Cal.App.2d 186, 187 [54 P.2d 1116], in answer to the question for decision there presented, i.e.: "*Does a merger of title result when the beneficiary under a trust deed assumes the right of ownership and dominion over the property described in the trust deed and causes the trustor's vendee to deliver a grant deed of the property to another person?*"—the court held: "In order to effect a merger, the whole title, legal as well as equitable, must unite in one and the same person. (*Estate of Washburn,* 11 Cal. App. 735, 746 [106 P. 415].) In the instant case the legal title to the premises at all times subsequent to the execution of the trust deed and prior to the sale by the trustee was vested in Title Insurance and Trust Company, the trustee (*Anglo-California Tr. Co.* v. *Oakland Rys.,* 193 Cal. 451, 464 [225 P. 452]; *Sax* v. *Clark,* 180 Cal. 287, 288 [180 P. 821]), and the equitable title was vested in the defendant trustor or his vendees, Peter C. and Anna K. Boebel, or their grantee, Bertha A. Eschman. (*Bostwick* v. *McEvoy,* 62 Cal. 496, 501; *Bank of Italy etc. Assn.* v. *Bentley,* 217 Cal. 644, 645 [20 P.2d 940]; *Weber* v. *McCleverty,* 149 Cal. 316, 320 [86 P. 706].)

"It thus appears that the legal and equitable title at no time vested in one and the same person. Hence, there was not a merger of title."

Likewise, in the case here under consideration, the legal title prior to the sale vested in the Title Guarantee and Trust Company, the trustee under the deed of trust; the equitable title vested in appellants Lee and their predecessor in interest Junior Capital Company, Ltd. (the trustor named in the deed of trust), and the beneficial interest created by the trust deed was in Mortgage Guarantee Company. By the assignment of March 31, 1937, the Title Insurance and Trust Com-

pany acquired a certain limited interest, but the sale to said Title Insurance and Trust Company as depositary and trustee of Mortgage Guarantee Company was not effective as a merger, for the reason that the latter even after the sale still retained some interest in the equitable title.

■ Another circumstance which precludes a merger herein is the fact that appellant took title to the hotel property with knowledge of and subject to the terms of the trust deed which was given to secure the balance of the purchase price. These terms authorized the giving of other and further security (paragraph B-6); provided for an assignment to beneficiary (Mortgage Guarantee Company) of the rents accruing from the property as further security for the note (paragraph B-10), as well as the right to enforce such assignment and the right to possession, independent of the right to have the real property sold by the trustee under the power of sale therein contained (paragraph B-12).

This equitable lien upon the rentals was in effect an intervening right or intermediate interest which would prevent a merger of the legal and equitable title in one person. ■ The rights of appellants as grantees of the trustor are measured by the deed of trust and its terms are binding upon them.

As was stated in *Title Guarantee & Tr. Co.* v. *Monson,* 11 Cal.2d 621, 628 [81 P.2d 944]: ''In the case entitled *Owsley* v. *Neeves,* 179 Ill.App. 61, 63, appellant was deeded the premises 'subject to whatever lien appellees secured thereon by virtue of the trust deed'; and the court there said: 'Appellant cannot get away from the fact that his rights in the premises are subject to whatever lien was created in favor of appellees by their trust deed. Rents and profits are the subject of mortgage. A mortgagee has a specific lien upon rents and profits of the mortgage as part of his security. . . . Appellant, as subsequent purchaser was bound by those terms of the trust deed. . . .' And in the case of *Townsend* v. *Wilson,* 155 Ill.App. 303, 308, it appeared that the purchasers of the premises there involved took the land 'subject to' a mortgage conferring the right to the rentals therefrom upon the mortgagee or his agent, at the time of foreclosure. In referring to the purchasers, the court said, 'But their implied agreement . . . by accepting the deed with that proviso that it was subject to the mortgage, was that the land and the rents and profits mortgaged . . . should stand good for that debt and be charged with that debt as against any right

they received by virtue of the deed. Their action in this case in claiming these rents simply amounts to a breach of their contract and they have no standing in law or equity in their claims to the rents.' It follows that the right to the rentals which plaintiff is asserting here could not be defeated by a subsequent change in possession by virtue of a conveyance of the land." (See, also, *Mortgage Guarantee Co.* v. *Sampsell,* 51 Cal.App.2d 180 [124 P.2d 353] ; and *Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254 [120 P.2d 869].)

By authority of the cited case, the assignment of rentals pursuant to the terms of the trust deed constituted additional primary security for the indebtedness, and became absolute and enforceable upon default. It is admitted that after the trustee's sale herein, $42,747.03 still remains unpaid on the indebtedness evidenced by the trust deed and that all of the rentals collected by the receiver to the date of sale was less than $5,000.

It would therefore appear that under the terms of the trust deed, respondents have a lien upon the rents until they are paid the balance of the indebtedness, which lien is and was independent of the right to sell the real property upon default, and that the sale of the real property to the Title Insurance and Trust Company did not effect a merger of the equitable lien for rentals with the fee title acquired by the trustee's deed.

It appears to be well-established law in this state that rent may be assigned as security, and as such is an independent, primary security for the indebtedness, so long as the debt remains unpaid. (*Title Guarantee & Tr. Co.* v. *Monson, supra.*)

Appellants' claim of prejudicial error by the court in its failure to make a finding on the material issue of merger raised by paragraph II of their amendment to the answer is without merit.

The court did find "that all the allegations contained in Paragraph II of the Amendment to the Answer of defendants Lazo Lee and Annie Lee to the plaintiffs' complaint, are untrue." During the trial, the court denied appellants' motion for judgment on the pleadings which motion was based on the ground of merger.

It is further contended that the complaint failed to state a cause of action because the Title Guarantee & Trust Company, the trustee under the deed of trust, was not made

a party to the instant action. Under the express terms of the deed of trust, the right of possession upon default was given to the beneficiary, not to the trustee. (Paragraph B-10.) Under paragraph B-6 of the trust deed, either beneficiary or trustee might "at the option of both, or either of them, exhaust any or more of said securities." These terms would indicate that respondents, as beneficiaries, were entitled to prosecute the instant action without interference from the trustee. (*Field* v. *Acres,* 9 Cal.2d 110, 111, 112 [69 P.2d 422].)

Appellants finally contend that the complaint does not state a cause of action because it was not alleged therein "that the consideration was adequate, fair and reasonable" as to them. By this is apparently meant that it was necessary for respondents to allege that the sale of the property by the original trustors was fair, just and for an adequate consideration as between such trustor and appellants.

Appellants acquired title to the hotel property subject to the deed of trust which was executed by their predecessors in interest as part of the purchase price. The amendment to the complaint filed March 1, 1939, adding paragraph XVII thereto, sets forth details as to the consideration for the deed of trust and alleges that the transaction was fair, adequate, just and equitable; and that appellant Lazo Lee took possession of the property with full knowledge and notice of the rights of the respondents under the terms of the deed of trust. Having accepted the conveyance of the property subject to the lien of the trust deed, appellants are now estopped to deny its validity. (*Harris* v. *Whittier Bldg. & Loan Assn.,* 18 Cal.App.2d 260 [63 P.2d 840].)

Although *notice* of motion to diminute the record was presented for filing, no motion was made by reason of the fact that the original trust deed was ordered filed and is to be returned to respondents when the judgment herein becomes final; also, because a photostatic copy of the county recorder's record of the trust deed was ordered to be made a part of the record on appeal.

For the reasons stated, the judgment appealed from is affirmed. The purported appeal from the order denying motion for a new trial is dismissed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied December 7, 1943.