Filed 4/13/26  Lakeview Loan Servicing v. Hernandez CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | B345703 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19NWCV00885) |
| v. | |
| NATALIE HERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Brian F. Gasdia, Judge.  Appeal dismissed.

Natalie Hernandez, in pro. per., for Defendant and Appellant.

McCarthy & Holthus and Melissa Robbins Coutts, for Plaintiff and Respondent.

_____

## INTRODUCTION

Natalie Hernandez, proceeding in propria persona, appeals the trial court's order denying her motion for relief from default or default judgment under Code of Civil Procedure section 473, subdivision (b), which she appealed before entry of final judgment.[1]  Because Hernandez did not appeal from an appealable judgment or order, we lack jurisdiction and dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

A.      *Default Proceedings*

In November 2019, Lakeview Loan Servicing, LLC (Lakeview) filed a foreclosure action in superior court against Hernandez and other defendants regarding real property located

---

[1]      Undesignated statutory references are to the Code of Civil Procedure.

[2]      Without the benefit of a complete record on appeal, we recite the facts and procedural history as available.  To aid in our review, we take judicial notice of the trial court's minute orders and the register of actions on our own motion.  (See Evid. Code, §§ 452, subd. (d), 459; *Frisk v. Superior Court* (2011) 200 Cal.App.4th 402, 407, fn. 2 [taking judicial notice of superior court file on the court's own motion to "fully determine the procedural history"]; *County of Orange v. Superior Court* (2007) 155 Cal.App.4th 1253, 1256, fn. 1 ["The trial court's orders . . . are records of a court of this state, of which we may properly take judicial notice."].)

in Pico Rivera.[3]  At Lakeview's request, default was entered as to Hernandez in February 2020.

In October 2023, Hernandez filed a "motion to set aside the judgment and any default, and to quash any writ of possession/execution."  A copy of this motion is not included in the appellate record, but it appears Hernandez requested relief under sections "473(b), 473.5, 173(d), and/or [] 128(a)(8)."

In January 2024, Lakeview requested entry of default judgment against Hernandez.  On February 2, 2024, the trial court entered default judgment against Hernandez and the other defendants.

Lakeview opposed Hernandez's motion to set aside default or default judgment in March 2024.  This opposition does not appear in the appellate record.

On April 16, 2024, the trial court held a hearing on Hernandez's pending motion to set aside the default or default judgment.  In a minute order, the court ruled:  "Here, default was entered on February 21, 2020, and default judgment was entered on February 2, 2024.  However, on October 9, 2023, [Hernandez] filed the instant motion to set aside the default entered on February 21, 2020.  Because [Hernandez's] motion was pending when default judgment was entered on February 2, 2024, it appears default judgment was entered improperly.  The policy of hearing cases on their merits is well-established. [Citation.] Given the liberality associated with Motions to Set Aside Defaults, the Court is inclined to grant relief."  The trial court

---

[3]     Other defendants named in the foreclosure action—Jayreiner Mangahis Hernandez; Gilberto Herrera; Foundation Finance Company, LLC; and State Farm Mutual Automobile Insurance Company—are not parties to this appeal.

continued the hearing on Hernandez's motion and ordered her to file an answer to the complaint.

On April 26, 2024, the trial court denied Hernandez's motion as to the default entered on February 21, 2020, but it granted the motion as to the default judgment entered on February 2, 2024. The court ruled that the February 2, 2024 default judgment was "improperly entered" because Hernandez's motion was pending. But it concluded that Hernandez did not demonstrate entitlement to further relief under sections 473 or 473.5 because she did not file a proposed answer or other pleading responding to Lakeview's complaint. The court noted Lakeview was "not foreclosed from requesting entry of default judgment a second time."

On May 24, 2024, Hernandez filed an affidavit asserting, "No signed contract between [her] and Lakeview Loan Servicing, LLC exists. Thus this is a fraudulent claim."

In August 2024, Lakeview again requested entry of default judgment. The record does not include this document.

Hernandez filed a second affidavit in August 2024 stating she "move[d] to have the plaintiffs cease all harassment and collections of any debt, remove all liens on the property," and "have the case dismissed immediately."

B. *Hernandez's Second Motion Under Section 473, Subdivision (b)*

In October 2024, Hernandez filed a second motion under section 473, subdivision (b), to set aside or vacate the default. Hernandez argued she was not personally served with the summons and complaint, that she "did not receive any notice from the court regarding this action until after the default had

4

been entered," and "the judgment is void as the court lacks jurisdiction." Hernandez further argued that the loan held by Lakeview was fraudulent because: the original promissory note and the contract were signed with a different entity; "there was no notice, approval, or authorized change of title/note sent to [Hernandez] when the loan was transferred and assigned to any other company"; and there were "discrepancies in the documentation, including the absence of any proper chain of title demonstrating a valid transfer of the note."

Hernandez also filed an affidavit stating she was "not properly served with the summons and complaint" because "during the relevant period, I was not consistently residing at [the subject property]. There were multiple times I was outside of the country at various locations and times." Hernandez attested she "first became aware of this case" when someone called her looking for Jayreiner Hernandez, another defendant to the foreclosure action. "I immediately went to the court and was informed that I was already in default. Since that time, I have been acting in good faith and doing my best to rectify and resolve this matter." The record does not indicate whether Hernandez attached a proposed answer or other responsive pleading to Lakeview's complaint.

The trial court held a hearing on Hernandez's motion to set aside the default on March 17, 2025, and it denied the motion. There is no reporter's transcript or settled statement of this proceeding.

Hernandez timely appealed the denial of her motion on April 8, 2025.

5

C.      *Subsequent Entry of Default Judgment*

After Hernandez filed her notice of appeal, the trial court held a default prove up hearing on July 18, 2025.  The court entered a default judgment of foreclosure and order of sale in favor of Lakeview against Hernandez.  The judgment awarded $632,790.05 to Lakeview for unpaid principal balance, interest, property taxes, and other property-related expenses.  Hernandez did not appeal the default judgment.

## DISCUSSION

Lakeview argues that Hernandez did not appeal from an appealable order or judgment.  We examine whether we have jurisdiction to hear Hernandez's appeal.  (See *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 [appellate court must independently confirm jurisdiction over appeal].)  " '[A]ppellate jurisdiction' is simply the power of a reviewing court to correct error in a trial court proceeding." (*Leone v. Medical Board* (2000) 22 Cal.4th 660, 666.)

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; accord, *Efron v. Kalmanovitz* (1960) 185 Cal.App.2d 149, 152.)  Statutes define which orders and judgments are appealable.  (*Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060; accord, *Garau v. Torrance Unified School Dist.* (2006) 137 Cal.App.4th 192, 198; see, e.g., § 904.1 [listing appealable orders and judgments in civil cases].)  If a party appeals from a nonappealable order, the reviewing court has no jurisdiction and is required to dismiss the appeal.  (See *Efron*, at p. 152.)

6

The denial of a section 473 motion to vacate a default judgment is appealable as an order made after final judgment. (*Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 207, fn. 2; *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1137; *Stevenson v. Turner* (1979) 94 Cal.App.3d 315, 317; see § 904.1, subd. (a)(2) [providing for appeals from "an order made after a judgment"].)  By contrast, an "order denying [a] motion to vacate default—made before entry of the default judgment—is not independently appealable." (*Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1465 (*Jade K.*); accord, *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981; *Shapiro*, at p. 1137; *Veliscescu v. Pauna* (1991) 231 Cal.App.3d 1521, 1522 (*Veliscescu*) ["Established California decisional law provides that no appeal lies from an order granting [or denying] a motion to vacate a default upon which no default judgment has been entered."]; *Winter v. Rice* (1986) 176 Cal.App.3d 679, 682 (*Winter*).)

We liberally construe a notice of appeal in favor of hearing an appeal on the merits if it is reasonably clear what the appellant is trying to appeal.  (See *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882; Cal. Rules of Court, rule 8.100(a)(2).)[4]  Therefore, if "judgment was entered at the time of filing of a notice of appeal from [an] order" denying a motion to vacate a default, "the notice may be construed to refer to the judgment thereby permitting review of the order."  (*Winter, supra,* 176 Cal.App.3d at p. 682; see *Jade K., supra,* 210 Cal.App.3d at p. 1466; rule 8.104(d) [a notice of appeal is

---

[4]     Undesignated rule references are to the California Rules of Court.

7

valid if "filed after judgment is rendered but before it is entered" or filed "after the superior court has announced its intended ruling, but before it has rendered judgment"].)

When the trial court denied Hernandez's section 473 motion for relief from default on March 17, 2025, there was no default judgment—that is, no judgment had been entered. When Hernandez appealed from the court's denial of her motion by filing a notice of appeal on April 8, 2025, there was also no default judgment or judgment entered at that time. Although the court had previously entered a default judgment against Hernandez on February 2, 2024, the court vacated this judgment almost a year before (on April 26, 2024) Hernandez filed her notice of appeal. The court did not enter the default judgment in this case against Hernandez until July 18, 2025, more than three months after she filed her notice of appeal.

In this light, we lack jurisdiction over this appeal because the denial of Hernandez's motion to vacate default was not independently appealable, and she filed her notice of appeal before the court entered the default judgment. (See *Veliscescu*, *supra*, 231 Cal.App.3d at pp. 1522-1523 [dismissing appeal from an order granting a motion to vacate default before entry of default judgment].) We are unable to construe Hernandez's notice of appeal as referring to any appealable final order or judgment because her notice of appeal does not meet the two exceptions in Rule 8.104. That is, the notice of appeal was not filed "after judgment [was] rendered but before it [was] entered," nor was it filed "after the superior court [had] announced its intended ruling, but before it [had] rendered judgment." (Rule 8.104(d)(1), (2); see *First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 960 [a notice of appeal from the

8

denial of a section 473 motion, filed four months before entry of a default judgment, "does not meet the criteria for treatment as a premature notice of appeal from the judgment" because it "was filed even before the default prove up occurred"].)

Because Hernandez appealed from a nonappealable order, and we cannot construe her notice of appeal as referring to an appealable final order or judgment, we lack jurisdiction and must dismiss her appeal.  (See *Winter*, *supra*, 176 Cal.App.3d at pp. 682-683 [dismissing "defendant's purported appeal from the order denying his motion to set aside entry of his default," where there was no judgment entered at the time defendant appealed the denial, and "defendant's notice of appeal cannot be construed to refer to a nonexistent judgment"].)

Hernandez argues the denial of her motion to vacate default "is independently appealable under Code of Civil Procedure section 904.1(a)(2)."  But as stated, section 904.1, subdivision (a)(2), applies only to orders denying relief from default or default judgment "made after a judgment."  (§ 904.1, subd. (a)(2).)  Here, there was no judgment at the time Hernandez filed her notice of appeal from the denial order.

Hernandez further contends that once she "filed her Notice of Appeal, the trial court was immediately divested of jurisdiction over matters 'embraced in' or 'affected by' the order being appealed.  (Code Civ. Proc., §[ ]916.)  Thus, the prove-up [hearing] and judgment entered during the automatic stay are void and cannot retroactively affect the validity or timing of [her] appeal."  Section 916 provides that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby . . . ."  (§ 916, subd. (a).)  However, an appeal from a

9

nonappealable order "d[oes] not divest the trial court of jurisdiction to proceed with [a] trial on the merits pending such appeal." (*Mortgage Guarantee Co. v. Lee* (1943) 61 Cal.App.2d 367, 373; accord, *Central Sav. Bank v. Lake* (1927) 201 Cal. 438, 442 [appeal from nonappealable order did not have "the effect of depriving the trial court of the power to proceed further in the cause pending the purported appeal"].)

## DISPOSITION

The appeal is dismissed. The motion to augment attached to the reply brief is denied. The parties are to bear their own costs on appeal.


MARTINEZ, P. J.

We concur:


FEUER, J.                          GIZA, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.