PATTERSON et al. v. GUARDIAN TRUST CO. OF NEW YORK.

(Supreme Court, Special Term, Broome County.   May 6, 1910.)

1. PLEADING (§ 8*)—COMPLAINT—CONCLUSIONS.

Where the complaint in an action by bondholders secured by a trust mortgage against the trustee does not allege the fact constituting the elements of fraud, the averment that the acts of the trustee complained of were done in fraud of the rights of the bondholders is a mere conclusion, and does not state a cause of action for fraud.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 28½; Dec. Dig. § 8;* Fraud, Cent. Dig. § 37.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 479*)—TRUST MORTGAGES—BREACH OF DUTY OF TRUSTEE —COMPLAINT.

Bondholders secured by trust mortgage who sue the trustee in an action on contract must show by the allegations of the complaint that the trustee has violated some obligation, either express or implied, which he assumed in accepting the trust mortgage.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 479.*]

3. CORPORATIONS (§ 479*)—TRUST MORTGAGES—LIABILITY OF TRUSTEE.

A trust mortgage executed by a corporation to secure its bonds, which provides that the bonds shall be sold to be paid for in ten annual payments, and that, before any bond shall be issued, it shall be certified by the trustee, and that the bond so certified shall be sold by the corporation which shall be entitled to receive the proceeds, does not make the trustee liable for breach of any obligation where it certifies bonds after they have been sold and after they have been certified by the corporation as having been fully paid for; such act in no wise prejudicing the bondholders.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 479.*]

4. CORPORATIONS (§ 479*)—TRUST MORTGAGES—LIABILITY OF TRUSTEE.

A trust mortgage executed by a corporation to secure its bonds, which provides that the corporation shall sell the bonds and receive the proceeds, and that during the third and fourth years of the life of the bonds a specified amount shall be paid by the corporation to the trustee, who shall apply the same to the payment of underlying mortgages, does not contemplate that the bonds shall be sold by the trustee or that the proceeds shall be received by him, and he is not liable for failing to apply sums to the payment of underlying mortgages where it did not receive money from the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 479.*]

Action by Edward J. Patterson and others, suing on their own behalf and on behalf of all other bondholders similarly situated under the trust mortgage given by the Metropolitan Real Estate Improvement Company of New York, against the Guardian Trust Company of New York. Demurrer to complaint sustained.

S. Mack Smith, for plaintiffs.

Hotchkiss, Barber & McGuire (Harvey D. Hinman and Joseph D. Fackenthal, of counsel), for defendant.

COMAN, J. The defendant demurs to the plaintiffs' complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

From the allegations of the complaint it appears that the defendant is a domestic corporation engaged in the transaction of business in the city of New York. In the year 1905 the Metropolitan Real Estate Improvement Company, a foreign corporation, with an office at 349 Broadway, New York City, was the owner of certain real property consisting of 610 city lots in the city of Yonkers, N. Y. On the 24th day of November, 1905, the said company executed and delivered to the defendant a trust mortgage or agreement, which is attached to and made a part of the complaint, and the defendant accepted the same. The purpose of this mortgage was to secure an issue of bonds to the amount of $1,000,000 in series of 2,000 bonds of the denomination of $500 each, numbered consecutively from 1 to 2,000, inclusive.

Said mortgage was duly recorded in Westchester county on November 25, 1905, in Liber 1388, at page 488. At the time of the execution and delivery of said trust mortgage, the real property referred to was incumbered by five prior mortgages, amounting in the aggregate to $263,400. In the years 1905 and 1906 and 1907 more than 700 of the bonds described and mentioned in the trust mortgage, of the face value of upwards of $350,000, were sold to the plaintiffs and the other parties on whose behalf this action is brought. The form of the bonds to be issued by the company is set out in the trust mortgage and provides for the payment of each of the bonds in 10 annual payments of $50 each. Said bonds were to draw interest at the rate of 5 per cent. per annum on each full annual installment theretofore paid. It was provided that, before the bonds were sold or issued, a certificate should be indorsed thereon by the defendant in the following form:

"The Guardian Trust Company, as trustee, hereby certifies that the within bond is one of the series of bonds described in the trust deed or mortgage therein described.                                              ————, Trustee."

It is alleged that the paid-up certificates attached to the said bonds were in form as follows:

"The Metropolitan Real Estate Improvement Company, 349 Broadway, New York City.
                                                    "————, 190—.

"Received from ————, ———— dollars, being the full payment of Bond No. ————, and it is hereby certified that said bond is now full paid and that dividends will be paid on the face thereof.
                          "Metropolitan Real Estate Improvement Company,
                                              "Per ————, Treasurer. [L. S.]
"This receipt is not valid unless signed by the vice president or treasurer."

The mortgage also contained the following provision:

"The bonds hereby secured shall be delivered by the trustee only to the treasurer of the company and then only upon the written order of that company signed by its president under its corporate seal and attested by its secretary."

The trust mortgage also contained provisions looking to the payment of the underlying mortgages above referred to out of the proceeds of the sales of bonds, and, as these provisions are of vital importance in determining the questions raised as to the sufficiency of the complaint, they are quoted here in full, as follows:

"Twentieth. Whereas, there are now existing mortgages which are liens upon the property or a portion thereof hereinbefore described and upon which this mortgage is given and intended to become a lien before the maturity of the said existing mortgages which said mortgages are as follows: A mortgage held by the Metropolitan Life Insurance Company for $120,000. A mortgage held by the Valley Farms' Company for $55,000. A mortgage held by the Valley Farms' Company for $8,400. Two mortgages held by the Connecticut Building & Loan Association for $30,000 and $50,000, respectively, all of which mortgages amount in the aggregate to the sum of $263,400. Whereas, it is desired and intended to pay off the said mortgages and each of them out of the proceeds of the sale of the bonds herein described: Now, therefore, it is hereby agreed by the said company that during the third year of the life of this trust mortgage it will pay to the Guardian Trust Company as trustee the sum of $60,000 and during the fourth year of the life of this mortgage the sum of $100,000 and such fur-

ther sum or sums as may be necessary to pay the principal and interest due on the said mortgage and to procure the discharge and satisfaction thereof and the said Guardian Trust Company as trustee hereby agrees to apply such payments when so made to the payment and satisfaction of the said mortgages that it will make such application of such payments pro rata unless the order of such application shall be differently directed by said Company in which case it will make such application of such payments as directed by such company."

In pursuance of this provision, it is alleged that the defendant paid the $8,400 mortgage mentioned and received a satisfaction therefor, but no part of the other mortgage indebtedness was paid. These are the only provisions of the trust mortgage which to my mind have any bearing upon the question presented upon this demurrer.

To my mind it is entirely clear that this action must be regarded as an action upon contract, and not as an action of fraud or deceit. It is true that there are certain statements in the complaint that some of the acts of the defendant were done "in fraud of the rights of these plaintiffs"; but the essential elements of a complaint in an action for fraud and deceit are entirely lacking, and these expressions must be regarded as mere conclusions and as an attempt to construe the language of the trust mortgage. I shall not dwell upon this proposition because I regard it as obvious and elementary. In order to maintain this action, therefore, it must appear from the allegations of the complaint that the defendant has violated some obligation, either express or implied, which it assumed in accepting the trust mortgage.

As I understand the position of the plaintiffs, they claim that the defendant has failed to perform its duty in two particulars, viz.: First, that it permitted the sale of bonds which were full paid at the time of the sale instead of being paid in installments of $50 each; and, secondly, that it failed to apply the proceeds of the sales of bonds to the payment of the underlying mortgages as required by the trust mortgage.

As to the first proposition, there is no claim that the form of the bonds issued and certified by the defendant was not in conformity to the terms of the mortgage. There is no allegation that the defendant had any knowledge that the bonds were to be sold as full-paid bonds, instead of installment bonds. The obvious purpose of having the defendant certify the bonds in the form provided by the trust mortgage was to prevent an overissue. By the terms of the mortgage the bonds were not to be sold until after they had been certified by the defendant, and, when so certified, they were to be delivered to the real estate company or its officers to be sold by them. Upon the argument of this demurrer, it was claimed by the counsel for the plaintiffs that as a matter of fact the bonds in question were certified by the defendant after they had been sold and after they had been certified by the real estate company as having been full paid; but there is no allegation to this effect in the complaint, and there is no allegation of any fact from which it could be inferred. But, assuming that the plaintiff's position is true and that the complaint did contain such an allegation, I am unable to see any reason why that fact should create a liability upon the part of the defendant to the bondholders. It is true that the trust mortgage provided only for the issuing of installment bonds, but, if

a bondholder desired to pay his 10 installments in one lump sum, I am unable to see why or wherein such bondholder was prejudiced by such action, and my attention has not been called to any theory whereby such liability would be created or the bondholders prejudiced.

As to the second claim, it appears from the mortgage that it was never the contemplation of the parties that the bonds in question should be sold by the defendant, or that the proceeds of such sales should be paid to them. On the contrary, it is expressly provided that the bonds should be sold by the real estate company and the proceeds received by them. It is provided that during the third and fourth years of the life of the bonds a certain amount should be paid by the real estate company to the defendant, and that the defendant should apply such sums to the payment of the underlying mortgages. It is obvious, therefore, that, in order to recover in this action, the plaintiff must allege and show either, first, that moneys resulting from the sale of these bonds were paid to the defendant; or, secondly, some facts which made it the duty of the defendant to secure these moneys and make the payments in question. There are no such allegations in the complaint. It is conceded that the defendant never received any moneys except the sum of $8,400 which it applied in the manner required by the trust mortgage. No fact is alleged which tends to show that at any time it became the duty of the defendant to receive or secure the payment of such sums of money. The plaintiff relies upon the bare statement that the bonds were sold, the moneys received by the real estate company, and the defendant failed to apply them to the payment of the underlying mortgages.

My attention is called to certain expressions in the opinion of the Appellate Division in the case of Davidge v. Guardian Trust Co., 120 N. Y. Supp. 628, which it is claimed indicate that that court considered it the duty of the trustee to make these payments whether it received the funds from the real estate company or not. These expressions are dicta, and the question of the defendants' liability was not involved in that case. A careful reading of the opinion leads me to the conclusion that the learned court misapprehended the terms of the mortgage. For instance, at page 631, the court says:

"The trustee was not authorized to receive the full consideration of the bonds with installments anticipated, and wait three years before making payment upon the prior mortgages."

It is sufficient to say, as already recited, that the trustee was not authorized to receive the full consideration nor any part of the consideration of the bonds, but that they were to be sold by the real estate company, and the consideration received by it.

The court further says:

"The fair intent of the obligations is that, after three years' installments had been paid, the trustee must commence to reduce the prior incumbrances and pay $60,000 thereupon, and, after four installments had been paid, the trustee should pay such further sum as was necessary to satisfy the mortgage. When sufficient number of those bonds had been sold as paid-up bonds, it became the duty of the defendant without waiting three years to apply at least a part of the proceeds of the bonds to the payment of those prior mortgages."

This statement is evidently made upon the assumption that the sale of the bonds was to be conducted by the defendant and the proceeds received by it. It certainly never became the duty of the defendant to apply any part of the proceeds of the bonds to the payment of the prior mortgages, unless it received such proceeds from the real estate company, or unless facts existed which made it the duty of the defendant to receive and secure such proceeds.

I am of the opinion that this complaint wholly fails to state facts which constitute a cause of action against the defendant, and the usual interlocutory judgment may be entered sustaining the demurrer, with the right to amend the complaint within twenty days after entry and service of judgment upon payment of the costs.