[L. A. No. 16216. In Bank.—September 28, 1937.]

ALVA K. SCOTT et al., Appellants, v. SECURITY TITLE INSURANCE AND GUARANTEE COMPANY (a Corporation), Respondent.

Harry W. Horton and Guy Richards Crump for Appellants.

D. B. Roberts and Charles L. Childers for Respondent.

NOURSE, J., *pro tem.*—The above entitled cause was transferred to this court after decision by the District Court of Appeal of the Fourth Appellate District, and upon further consideration of the issue involved therein we adopt the opinion of that court written by Mr. Justice Marks, reading as follows:

"This is an appeal from a judgment entered after a demurrer to the complaint was sustained without leave to amend. Plaintiffs also attempt to appeal from the order sustaining the demurrer which is not appealable. (Sec. 963, Code Civ. Proc.)

"The material allegations of the complaint may be thus summarized:

"That on March 22, 1928, L. T. Edwards and his wife were the owners of real property in Imperial county which they sold to T. E. and Jessie A. Topham; that Mr. and Mrs. Topham executed to G. C. Lord their promissory note for $5,000, dated March 13, 1928, due on or before three years, with interest at seven per cent per annum, payable semiannually. As security for the payment of the principal and interest on the note and taxes on the property, Mr. and Mrs. Topham executed a trust deed on the real property with defendant named as trustee and G. C. Lord as beneficiary. At the time of the execution of the deed of trust defendant in writing 'accepted the terms and conditions of said trust deed and the trust therein imposed and accepted all of the terms and conditions set forth and contained in said deed of trust and, among other things, agreed that upon the existence of any default in the terms and conditions of said promissory note, and/or trust deed, and upon instructions of said beneficiary or the successor in interest of said beneficiary G. C. Lord, the said defendant would duly and properly and in the manner provided in said trust deed and according to law sell and cause to be sold said real property to the highest and best bidder and that having once been instructed to so sell and exhaust said property as security, that the said defendant company would do and perform all things necessary

to be done in conjunction therewith to cause a legal sale of the same to be made and had and to the highest and best bidder, with reasonable diligence and to do and perform all things necessary to make and cause the legal sale of the same to be had in accordance with the terms of said deed of trust and as provided by law.' About April 24, 1928, Topham and wife sold the real property to plaintiffs subject to the deed of trust and debt which they assumed and agreed to pay. About February 15, 1929, plaintiffs sold the property to Margaret M. King subject to the deed of trust and debt which she did not assume and agree to pay. Subsequently Margaret M. King sold the property to others than plaintiffs. On February 11, 1930, there existed a default in the payments to be made on the promissory note and Edwards duly executed and caused to be recorded a declaration of such default. On September 17, 1930, Edwards executed and recorded a second declaration of default in which he declared the full amount of principal and interest due and payable because of default in interest payments. Both declarations of default were prepared and caused to be recorded at the instance and request of Edwards. Immediately after the recordation of the second declaration of default Edwards authorized and directed defendant to sell the property in the manner provided by law and as soon as could be lawfully accomplished. Defendant published notice of sale of the property, and on February 7, 1931, offered it for sale and received bids the highest of which was $5,001 offered by Edwards. All bids were rejected and on March 24, 1931, defendant instituted an action in the superior court of Imperial county to determine the validity of the purported sale. That court held that there had been no sale for the reason that defendant had failed to post, or cause to be posted, any notice of sale on the property. In April, 1932, defendant again caused the property to be offered for sale and on April 11, the property was sold to Frank Wilson for $200. Immediately thereafter Edwards demanded payment of the deficiency from Topham and wife and they demanded payment from plaintiffs who paid the deficiency amounting to $5,973 on May 4, 1932. Had the property been sold on February 7, 1931, it would have brought a sufficient amount to have paid all sums unpaid on the note secured by the deed of trust and plaintiffs would not have been com-

pelled to pay any deficiency. Between February 7, 1931, when the property was first offered for sale, and April 11, 1932, when it was sold, 'the value of said property decreased and diminished and taxes accumulated upon said property so that the said property was worth only a nominal sum'. That by reason of the failure of 'defendant to comply with the terms and conditions of the trust which it accepted at the time of making said deed of trust, these plaintiffs have been damaged to the amount and extent of the deficiency they were required to pay and did pay'. Demand was made by plaintiffs on defendant for the deficiency, and upon the refusal of defendant to repay plaintiffs this action was brought to recover the amount paid by them.

"The complaint was filed June 15, 1934, more than three years after the property was first offered for sale. Defendant demurred generally and also on the ground that the cause of action was barred by the statute of limitations.

"Plaintiffs state that their cause of action is based on breach of the contract of defendant to sell the property in the manner provided by law, pointing out that it did not post on the property a notice of the first sale. They urge that this constituted such a negligent breach of its contractual duty as would give them a cause of action for the damages suffered by them, namely, the amount of the deficiency. They rely upon the following authorities as supporting their theory: *Meath* v. *Porter,* 9 Heisk. (56 Tenn.) 224; *Lowell* v. *North,* 4 Minn. 32 (Gil. 15); *Sherwood* v. *Saxton,* 63 Mo. 78, and *Melick* v. *Voorhees,* 24 N. J. Eq. 305.

"In the case of *Meath* v. *Porter, supra,* action was brought to vacate a trustee's foreclosure sale under the power in a mortgage which sale was made in the absence and without the knowledge of the mortgagor who tendered the amount of the debt. The sale was set aside because the court felt that it was tainted with fraud.

"It appears in the case of *Lowell* v. *North, supra,* that a trustee had sold property, for a sum much less than its reasonable market value, at a trustee's sale held without having given the required notice of sale. Suit was brought to recover a deficiency and the judgment in favor of the creditor was reversed on appeal, the Supreme Court of Minnesota remarking that the price bid was less than the property should have been sold for had the sale been 'made fairly and in good faith'.

"The case of *Sherwood* v. *Saxton, supra,* involved what amounted to fraud and collusion on the part of the trustee in selling incumbered property. At the sale the trustee accepted a *bona fide* bid of $1,746 for property reasonably worth $2,000. By agreement between the trustee and the bidders the latter were released from their obligation to pay the amount of their bid and a second trustee's sale was held at which the property was sold for $940. The trustor brought suit for damages and a demurrer to his complaint was sustained. The judgment was reversed on appeal with the statement that 'the arrangement made with the first bidders was wholly wrong and indefensible. Allow such proceeding, and trustees will then have the power to relieve men from bad bargains or combine with persons who think it will be to their advantage not to comply with their contracts; and instead of being agents protecting the interest of the debtor and creditor, they will be sacrificing them.' It is evident from the facts that such a flagrant breach of trust is disclosed on the part of the trustee that both fraud and collusion on his part were reasonably inferred.

"*Melick* v. *Voorhees, supra,* presents a different state of facts and proposition of law from those involved in this case. By the express terms of his trust the trustee in that case was prohibited from selling the trust property without consulting with and obtaining the consent of two others. This he failed to do and was held liable for the deficiency between the selling price and the reasonable market value of the property.

"These cases are easily distinguishable from the instant case. In the first three fraud on the part of the trustee may be deduced from the facts. ■ Trustees named in deeds of trust, or in mortgages, with powers of sale are, for certain purposes, agents of the mortgagors or trustors. The trustee must act in good faith and must not be guilty of fraud or deceit. Acting otherwise he will be held to respond in damages resulting from his lack of good faith or his fraud or deceit. (*Sandler* v. *Silk,* (Mass.) 198 N. E. 749.) In the instant case there is no intimation that the trustee acted in bad faith or was guilty of any fraud or deceit. The complaint is also barren of any allegation from which may be drawn the inference of bad faith, fraud or deceit.

■ "Selling the trust property at an inadequate price is not of itself a sufficient ground to vacate a trustee's sale.

(*Meyer* v. *Zuber*, 92 Cal. App. 767 [268 Pac. 954]; *Hopkins* v. *J. D. Millar Realty Co.*, 106 Cal. App. 409 [289 Pac. 221]; *Freedman* v. *Peoples Nat. Bank*, 291 Mass. 168 [196 N. E. 846].) It is, however, a circumstance tending to support a finding of fraud if one be made by the trial court. There is no allegation in the complaint that an inadequate price was received from the property when it was actually sold on April 11, 1932. To the contrary it is affirmatively alleged that at that time the property 'was only worth a nominal sum'.

"An additional reason exists why the cases just cited cannot be controlling here. In three of the four cases (*Sherwood* v. *Saxton, supra,* being the exception) sales by the trustees were actually made of the trust property and the claims of the plaintiffs were based on wrongful sales. ■ In the instant case there was no wrongful sale because no sale was made on February 7, 1931, the occasion when the defective notice was given. Plaintiffs cannot base their cause of action on a wrongful sale following an insufficient notice because no such sale was had. If their cause of action is to be supported it must be because no sale was made following the defective notice. In the Sherwood case the action of the trustee was so clearly fraudulent that no other reason is necessary to support the conclusions of the court there expressed.

"Regarding the action, as plaintiffs would have us, as one for damages for breach of the terms of a written contract, we must determine what, if any, obligation of the contract was violated by defendant. 'In order to maintain this action, therefore, it must appear from the allegations of the complaint that the defendant has violated some obligation, either express or implied, which it assumed in accepting the trust mortgage.' (*Patterson* v. *Guardian Trust Co.*, 67 Misc. 614 [122 N. Y. Supp. 773].)

"The only allegation of the complaint bearing upon the duties and obligations assumed by the trustee is contained in the paragraph which we have already quoted whereby it is alleged that the defendant agreed to cause a legal sale of the property to be made with reasonable diligence after being required to do so by the beneficiary. It is not disputed that within a reasonable time after demand was made upon it to foreclose the deed of trust defendant gave a notice of the sale and actually received bids on February 7, 1931. It was

then discovered that the notice of sale was probably defective. This question was submitted to the superior court of Imperial county which held the notice defective and the purported sale void. No appeal was taken from this judgment and it has become final. A new notice of sale was given and a legal sale made. Under these circumstances we cannot hold that the sale was not made with 'reasonable diligence' especially in view of the fact that the complaint fails to allege that the trustee agreed to consummate the sale within a definite time. We have been cited to no law placing such an obligation on the trustee in the absence of contractual requirements. (See *Walker* v. *Teal,* 5 Fed. 317.) The trustors are given no right of control over the time of a foreclosure sale. They can neither dictate when the notice of default shall be recorded nor when the sale shall be held. Those matters are within the control of the beneficiaries and the trustee with the possible exception that if the trustee should fail to act at all when required to do so, the trustors might perhaps apply to a court of equity for relief. Here the trustee did not fail or refuse to act, but acted. It is true that it made a mistake which it corrected. A legal sale of the property was had and in the entire absence of any suspicion of bad faith, fraud or deceit we must agree with the trial court in its conclusion that the trustee performed the obligations of its contract and acted with reasonable diligence.

"We are supported in this conclusion by the case of *McGreevey* v. *Charlestown Five Cents Savings Bank,* (Mass.) 2 N. E. (2d) 543, which is controlling here. In that case the plaintiff debtor sought to recover damages from defendant for a foreclosure sale held without due and legal notice. The trial court held for the defendant and the judgment was affirmed for the reason that the attempted sale without legal notice was void and a nullity, and that as no sale was made under the defective notice no damages could be recovered whether that action be considered one for breach of contract or sounding in tort. (See, also, *Guay* v. *Brotherhood Bldg. Assn.,* 86 N. H. 344 [168 Atl. 900] ; *Guay* v. *Brotherhood Bldg. Assn.,* 87 N. H. 216 [177 Atl. 409, 97 A. L. R. 1053].)

    "In California the same rule prevails as in Massachusetts to the effect that without lawful notice no trustee's foreclosure sale can be had. (*United Bank & Trust Co.* v. *Brown,* 203 Cal. 359 [264 Pac. 482].) It follows that the

attempted sale of February 7, 1931, was a complete nullity. The sale of April 11, 1932, was the only sale conducted by the trustee. This sale was valid and regular. As defendant was under no legal obligation to conduct the sale at an earlier date, and as plaintiffs had no control over the time of sale nor right to fix its date, their complaint does not state facts sufficient to constitute a cause of action in the absence of allegations of fraud, deceit or unfair dealing on the part of defendant.''

The case rests upon these accepted principles. Since the complaint is founded upon an alleged breach of contract to make a valid sale of the property on February 7, 1931, and, since the contract did not obligate the defendant to sell at that time, or on any other particular date, the complaint fails to plead a cause of action in breach of contract. If the plaintiffs had a remedy it was one resting in tort for negligence in the performance of the services under the trust, but no such cause of action is pleaded. Assuming an agency between plaintiffs and defendant, a relation most favorable to plaintiffs, but one which the defendant does not concede, still the complaint fails to state a cause of action. An agent contracting to perform personal services does not undertake to render perfect service. Errors in judgment not due to want of care or diligence, or to fraud or unfair dealing, are not alone actionable. Here the complaint pleads no facts disclosing a breach of a contract of agency. The plaintiffs had no right to demand a sale at any time, and no right to fix a date of sale. If any duty rested upon defendant to sell in February, 1931, it was a duty which these plaintiffs could not enforce. Breach of contract rests upon a failure to perform an enforceable obligation, and if there is no such obligation there can be no breach.

The judgment is affirmed, and the appeal from the order is dismissed.

Seawell, J., Shenk, J., Edmonds, J., Langdon, J., and Waste, C. J., concurred.