NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT JAMES RAY,

Plaintiff - Appellant,

v.

GOOGLE LLC, d/b/a You Tube,

Defendant - Appellee.

No. 23-3987

D.C. No.
3:23-cv-04222-TSH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thomas S. Hixson, Magistrate Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Appellant Robert James Ray ("Ray") appeals from the district court's dismissal of his complaint against Google LLC d/b/a YouTube ("Google") for failure to state a claim. We review the dismissal de novo, *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Dismissal for failure to state a claim is proper if "the plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief." *Id.* Although the court is generally confined to consideration of the allegations in the pleadings, the court may consider documents that are not physically attached to the complaint where the authenticity of the documents is not contested, and the complaint necessarily refers to and relies on them. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Ray has failed to plausibly allege that Google contracted to pay him $22 per view of his YouTube videos. To participate in the YouTube Partner Program ("YPP"), Ray had to accept the terms of three agreements—the YPP terms, the YouTube terms of service and the AdSense terms of service —none of which contain such a pay-per-view promise, and one which expressly provides for a different payment formula. Google cannot breach a promise that does not exist, and the district court properly held that Ray failed to state a claim for breach of contract. *Scott v. Sec. Title Ins. & Guarantee Co.*, 9 Cal. 2d 606, 614 (1937) ("Breach of contract rests upon a failure to perform an enforceable obligation, and if there is no such obligation there can be no breach."). The district court also correctly held that even if there was unequal bargaining power between Ray and Google, the contracts themselves were not overly harsh or one-sided so as to render the contracts

2                                                    23-3987

unconscionable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011) (both procedural and substantive unconscionability required).

The district court dismissed Ray's complaint with prejudice. We review the denial of leave to amend for an abuse of discretion. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015). Ray sought leave to allege a claim of fraudulent inducement. However, as the district court noted, Ray's own allegations and the documents he provided show Google did not misrepresent or omit any material facts, and thus Ray cannot state a plausible claim for fraudulent inducement. *See Dhital v. Nissan N. Am., Inc.*, 84 Cal.App.5th 828, 838 (2022). Leave to amend would be futile, *see Mo. Ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), and the court did not abuse its discretion by denying Ray leave.

**AFFIRMED.**